UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01790-JPH-KMB |
| | ) | |
| CENTURION HEALTH CARE OF | ) | |
| INDIANA, LLC, | ) | |
| LISA HAMBLEN (HSA), | ) | |
| J. FRITCH (Dir. of Nursing -- D.O.N.), | ) | |
| OSBURN Nurse Practitioner (NP), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Michael A. Ray is a prisoner currently incarcerated at Wabash Valley Correctional Facility and formerly incarcerated at Pendelton Correctional Facility ("Pendleton"). He filed this 42 U.S.C. § 1983 action alleging that Pendleton medical staff have ineffectively treated his COVID-19 symptoms over several months and administered him an expired COVID-19 vaccine. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Ray makes the following allegations against Centurion Health Care of Indiana, LLC ("Centurion"), health services administrator Lisa Hamblen, director of nursing J. Fritch, and nurse practitioner Osburn pursuant to 42 U.S.C. § 1983, allegations which the Court accepts as true at the pleading stage. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation;" (quoting *Twombly*, 550 U.S. at 555)). He sues all defendants in their individual and official capacities and alleges their conduct constituted violations of his Eighth Amendment right to be free of cruel and unusual punishment as deliberate indifference to his serious medical needs. All events alleged occurred at Pendleton.

Mr. Ray alleges that, around the end of December 2022, he began experiencing symptoms of COVID-19 including "headsweats", fever, loss of taste,

loss of smell, and coughing. Dkt. 1 at 6. On January 1, 2023, he submitted a health care request form. He submitted a second request form on January 3. On January 4, he was seen by a nurse and explained his symptoms, which now included difficulty breathing. He received neither treatment nor a COVID-19 test.

On January 11, Mr. Ray received a Moderna COVID-19 vaccine. A correctional officer was in the room and stated, "Good luck, we have no clue what is being put in you." *Id.* at 7. After the vaccine, his symptoms persisted and additionally included headaches, a runny nose, and pain in his chest and lungs.

On January 18, Mr. Ray submitted a third health care request form. Later that day, employees of defendant Centurion told Mr. Ray and other inmates that they had accidently been administrated COVID-19 vaccines that were eleven days expired. The employees indicated that they did not know the possible side effects of the expired vaccines.

On February 16, Mr. Ray submitted a fourth health care request form which specified his continuing symptoms of shortness of breath, chest pain, and coughing. In response, medical staff ordered an x-ray. He submitted five additional health care requests in March. These requests, variably, identified: that Mr. Ray's father suffered from chronic obstructive pulmonary disease and hereditary alpha-1 antitrypsin deficiency ("A1AD"); that Mr. Ray had difficulty sleeping for fear of stopping breathing; that Mr. Ray was rapidly losing weight; that he was having difficulty passing stool; and that he twice passed out and awoke on the floor. Two were denied as repeat requests, and another yielded a doctor visit.

Defendant Osburn, a nurse practitioner ("NP"), responded to another request by indicating that an x-ray had been ordered. The x-ray occurred on March 21. After Mr. Ray begged for one, NP Osburn also ordered a pulmonary function test on March 21. On March 24, Mr. Ray was tested for A1AD and was negative. Mr. Ray described his symptoms directly to NP Osburn, but she never provided a COVID-19 test, medication, or any other treatment.

Further, Mr. Ray alleges that Centurion failed to train its employees on how to recognize the expiration date on the Moderna COVID-19 vaccines and how to treat an individual who presented severe COVID-19 symptoms, that defendant Ms. Hamblen failed to properly ensure that medical equipment and supplies were in working order, which would include the Moderna COVID-19 vaccines, and that defendant J. Fritch failed to properly oversee the nursing staff.

Mr. Ray continues to experience difficulty breathing, chest pain, headaches, and other symptoms. He has received no medical treatment for his chest pain and breathing issues.

### III. Discussion of Claims

Applying the screening standard to the facts alleged in the complaint, certain claims are dismissed while other claims shall proceed as submitted. Mr. Ray asserts deliberate indifference to serious medical needs claims against all defendants, with each defendant addressed in turn.

### A. Centurion Health Care of Indiana, LLC – Dismissed

At the outset, the Court **dismisses** Mr. Ray's claims against Centurion. Private corporations acting under color of state law—including those that

4

contract with the state to provide essential services, such as healthcare, to prisoners—are treated as municipalities for purposes of 42 U.S.C. § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights; this is known as a *Monell* claim. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

Mr. Ray alleges that Centurion failed to train its employees on how to recognize the expiration date on the Moderna COVID-19 vaccines and how to properly treat a patient who presents severe COVID-19 symptoms. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "A pattern of similar constitutional violations" is "ordinarily necessary" to establish the claim. *Id.* at 62. Here, Mr. Ray's allegations regarding Centurion's failure to train are conclusory. Aside from Mr. Ray's bare assertions, there are no facts presented that Centurion's training is insufficient for identifying the expiration date of COVID-19 vaccines or for treating severe COVID-19 symptoms. His vague and conclusory allegations are "insufficient to state a plausible claim." *Shachter v. City of Chicago*, 848 F. App'x 208, 210 (7th Cir. 2021) (affirming dismissal of a *Monell* claim and citing *Iqbal*, 556 U.S. at 679); *see McCauley v.*

*City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (conclusory allegations are not entitled to the same presumption of truth as well pleaded facts). Because this complaint provides no factual allegations that support an inference that his treatment was caused by a widespread practice, policy or custom, Mr. Ray has failed to state a *Monell* claim. All claims against Centurion are **dismissed** for failure to state a claim upon which relief may be granted.

### B. Lisa Hamblen – Dismissed

Second, the Court **dismisses** Mr. Ray's claims against Ms. Hamblen. He alleges that she failed to properly ensure that the medical equipment and supplies were "doing what they [were] intended to do. This would include making sure the Moderna COVID[-19] vaccine [was] not expired." Dkt. 1 at 12. This allegation alone is insufficient to support a deliberate indifference claim.

Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Mere negligence, or even objective recklessness, is not enough" to support a deliberate indifference claim. *Rodgers v. Rankin*, 99 F.4th 415, 419 (7th Cir. 2024). Mr. Ray has pled insufficient facts from which deliberate indifference as to Ms. Hamblen can be inferred. Her oversight of the Moderna COVID-19 vaccines in reviewing medical supplies, without further allegations, amounts to mere negligence. Mr. Ray does not allege that Ms. Hamblen has done more than make a mistake, and making a "mistake" or

exercising "poor judgment" does not satisfy the deliberate indifference standard. *Gile v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018). Accordingly, all claims against Ms. Hamblen are **dismissed** for failure to state a claim upon which relief may be granted.

### C. J. Fritch – Dismissed

Third, the Court **dismisses** Mr. Ray's claims against Director Fritch. Mr. Ray alleges that Director Fritch failed to properly supervise the nursing staff that ineffectively treated his COVID-19 symptoms. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Cobert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The mere fact than an individual holds a position of authority or is a supervisor does not make them liable for actions taken by their subordinates. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Mr. Ray's allegation that Director Fritch failed to properly supervise the nursing staff that engaged in allegedly unconstitutional medical treatment is insufficient for his claims to proceed against Director Fritch. Accordingly, all claims against Director Fritch are **dismissed** for failure to state a claim upon which relief may be granted.

### D. Osburn – Proceeding

Fourth, Mr. Ray's claims against NP Osburn **shall proceed** against her in her individual capacity.  All claims against NP Osburn in her official capacity are **dismissed** for failure to state a claim upon which relief may be granted. *See Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself," and may proceed only under a *Monell* theory).

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Mr. Ray believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **October 8, 2025**, in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment claims against Osburn in her individual capacity. All other claims have been dismissed. The **clerk is directed** to terminate Centurion Health Care of Indiana, LLC, Lisa Hamblen, and J. Fritch as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Osburn in the manner specified by Rule 4(d). Process shall consist of the complaint filed January 13, 2025, dkt. [1], exhibits, dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Osburn is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ordered** to provide the full name and last known home address of Osburn, if Osburn does not waive service, if Centurion has such information. This information shall be filed *ex parte*.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/15/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. RAY
137675
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Centurion Health of Indiana, LLC
        Osburn