UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. RAY, Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-01790-JRO-KMB |
| OSBURN Nurse Practitioner (NP), Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Defendant has filed a motion to dismiss for lack of prosecution. Dkt. [26]. For the following reasons, the motion is **granted**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Ray filed this action on January 13, 2025, regarding allegations that occurred when he was housed at Pendelton Correctional Facility ("Pendleton"). Dkt. 1. He alleged that Pendleton medical staff ineffectively treated his COVID-19 symptoms over several months and administered him an expired COVID-19 vaccine. *Id.* His complaint was screened, and he was allowed to proceed on an Eighth Amendment deliberate indifference claim against Nurse Practitioner Vernon Osburn. Dkt. 9.

On June 24, 2026, Defendant filed a motion to compel Ray's discovery responses. Dkt. 21. Defendant sent discovery requests to Ray on April 23, and two letters seeking informal resolution on June 1 and June 12. *Id.* Defendant did not receive any response from Ray. *Id.*

The Court granted the motion to compel, noting that Ray did not timely respond to the discovery requests, Defendant's correspondence attempting to informally resolve the discovery dispute, or the motion to compel. Dkt. 25. Ray was ordered to respond to Defendant's discovery requests by July 27, 2026. *Id.* at 1. The Court warned that failure to comply with this Order may subject Ray to sanctions, including dismissal of this case with prejudice. *Id.*

Ray did not respond to the discovery requests. Dkt. 26. Defendant moved to dismiss this action for his failure to comply with discovery. Dkt. 26. Ray has not responded to that motion, and the time to do so has passed. Due to Ray's failure to respond or otherwise participate in discovery, the Court had to enlarge the dispositive motion deadline. Dkt. 24.

A review of the docket reveals that Ray has not filed anything to the Court since his initial complaint and motion for leave to proceed *in forma pauperis*. Dkts. 1, 2.

## II. DISCUSSION

"If a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders. They may include … dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice is a drastic sanction that may be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (internal quotation omitted). "District courts should only impose sanctions that are 'proportionate to the

circumstances surrounding a party's failure to comply with discovery rules.'" *Id.* (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996)). Relevant considerations include "'the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.'" *Rice*, 333 F.3d at 784 (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)).

The harsh sanction of dismissal with prejudice is warranted in this instance. Ray failed to respond to the discovery requests in a timely manner. Ray failed again to respond to the discovery requests by the imposed deadline after the Court granted a motion to compel his responses. The Court warned Ray that "**Failure to do comply with this Order may subject Plaintiff to sanctions, including dismissal of his claims with prejudice.**" Dkt. 25 at 1 (emphasis in original). Ray still did not comply. And when Defendant moved to dismiss as a sanction for his noncompliance, Ray did not respond to the motion.

Ray's failure to participate in discovery has caused a months-long delay in the resolution of this case. It has prejudiced Defendant by depriving him of evidence he is entitled to seek and leaving the evidentiary record for any dispositive motion incomplete, forcing the Court to extend the dispositive motion deadline. Ray's failure to respond to any discovery requests or motions, or file anything in this case since his initial pleading, also shows that he is not prosecuting this case and indicates that his failure to participate in this case is

willful and that he is not likely to respond if given another opportunity. Defendant's motion to dismiss is **granted**.

## III. CONCLUSION

Defendant's motion to dismiss, dkt. [26], is **GRANTED,** and this action is **dismissed with prejudice** for failure to prosecute and as a sanction for failing to comply with the Court's order compelling Plaintiff to respond to Defendant's discovery requests. Defendant's motion to vacate the summary judgment deadline, dkt. [27], is **DENIED as moot**. Judgment consistent with this Order shall now issue by separate entry.

**SO ORDERED**.

Date: 9/21/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL A. RAY
137675
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

David Douglas Becsey
ZEIGLER COHEN & KOCH
dbecsey@zcklaw.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com